UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALBERT RUCKER,<br><br>    Plaintiff,<br><br>    v.<br><br>WESTERN SIERRA MEDICAL CLINIC, et al.,<br><br>    Defendants. | No. 2:17-cv-01359 MCE CKD (PS)<br><br><br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). On July 10, 2017, defendant United States of America filed a motion to dismiss.[1] The motion was noticed to be heard on September 13, 2017.

On September 5, 2017, because plaintiff had not filed either an opposition or a statement of non-opposition to the motion, the undersigned continued the hearing on the motion to October 18, 2017 and directed plaintiff to file an opposition to the motion, or a statement of non-opposition thereto, no later than October 4, 2017. Plaintiff was advised that failure to file an

---

[1] As to defendant Western Sierra Medical Clinic: Plaintiff seeks damages for the alleged acts and omissions of medical personnel at defendant clinic, a deemed employee of the Public Health Service within the United States Department of Health and Human Services. Because the clinic functions as a federal employee, plaintiff's action arises under the Federal Tort Claims Act, such that the United States is the proper defendant. (See ECF Nos. 1-2 & 6-1.)

1

1    opposition would be deemed a statement of non-opposition to the pending motion and would

2    result in a recommendation that this action be dismissed.

3    Although the deadlines have now passed, the court docket reflects that plaintiff has not

4    filed an opposition to the motion or a statement of non-opposition to the motion. The Federal

5    Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R.

6    Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are

7    liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In

8    determining whether to dismiss for lack of prosecution, generally the court considers (1) the

9    public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket,

10   (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on

11   their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78

12   F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution

13   by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir.

14   1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic

15   alternatives" and whether or not there has been a "warning of imminent dismissal of the case."

16   Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

17   In determining that this action will be dismissed, the court has considered all the factors

18   set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this

19   case brought by plaintiff and which has been proceeding forward since plaintiff initiated this

20   action on February 22, 2017. See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

21   Regarding the third factor, defendant already has briefed its motion to dismiss, and would be

22   prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness.

23   Moreover, delay itself generally is prejudicial -- witness memories fade and evidence becomes

24   stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case

25   plaintiff has declined to oppose the motion to dismiss and thus has precluded the court's

26   evaluation of the potential merits of such an opposition.

27   Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as

28   required by Oliva, the court in its order of September 5, 2017 has advised plaintiff that this action

is subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to oppose the pending motion after plaintiff failed to timely oppose defendant's motion to dismiss, all to no avail. In light of plaintiff's failures, the court concludes there is no suitable alternative less drastic sanction to dismissal. The undersigned will therefore recommend that this action be dismissed for failure to prosecute the action and for failure to comply with court orders and Local Rules. See Fed. R. Civ. P. 41(b); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that the hearing date of October 18, 2017 on defendant's motion to dismiss is vacated; and

IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 10, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 rucker1359.nooppo.57